**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**SABIN METAL CORPORATION,**
**Defendant-Appellant.**

**No. 278, Docket 24881.**

United States Court of Appeals
Second Circuit.

Argued March 26, 1958.

Decided April 14, 1958.

Irving Lederman, Brooklyn, N. Y., for defendant-appellant.

Benjamin T. Richards, Jr., Asst. U. S. Atty., New York City (Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City, on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, HAND, Circuit Judge, and DIMOCK, District Judge.

PER CURIAM.

Defendant appeals from a judgment for the government's damages arising out of defendant's repudiation of a bid made by defendant for steel and silver scrap. Defendant claims that its bid was based on a mistake as to the proportion of silver in the scrap and that the government ought to have recognized that such a high bid could only have been the result of a mistake.

We adopt Judge Levet's findings of fact, discussion and conclusions of law in their entirety. 151 F.Supp. 683.

■ Among the points raised by appellant which were not discussed by Judge Levet the principal one is the alleged error in the court's ruling that testimony of an expert in the metal market that he would have known that the bid was so high as to be a mistake was not probative as to what the government ought to have known. This ruling is attacked as laying down one rule for the government and another for private citizens. It had no such effect. The distinction drawn was not between the government and private persons; it was between laymen and experts. What an expert in the scrap metal trade knows about the value of scrap is no measure of the knowledge with which the law ought to charge one whose sales of scrap are made only when new goods in its inventory become obsolete.

■ Judge Levet sustained objections to defendant's questions addressed to government witnesses asking for the arithmetical point at which they would consider a hypothetical bid to be the result of mistake. In so doing the court was within the bounds of the trial judge's discretion in limiting cross-examination. Defendant was given ample opportunity to elicit facts, as distinguished from opinions, that would indicate that the government must have known that the bid was so high as to be a mistake.

No other point raised by appellant and not covered by Judge Levet's findings of fact, discussion and conclusions of law merits discussion.

The judgment is affirmed.